```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/24/25__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONTE McCLELLON,

      Plaintiff,

-against-

UNITED STATES OF AMERICA,

      Defendant.

25-CV-2988 (VSB) (BCM)

**ORDER EXTENDING TIME TO RESPOND TO MOTION TO DISMISS AND DENYING REQUEST FOR PRO BONO COUNSEL AND MOTION TO SERVE**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff Donte McClellon, proceeding pro se, seeks damages against the United States under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that after his 2024 conviction for bank and wire fraud, for which he was sentenced to 42 months in prison, the Bureau of Prisons failed to credit him with various "sentence reductions," including "Good Conduct Time (6 months), First Step Act credits (12 months), and the Residential Drug Abuse Program (RDAP) credits (12 months)." Compl. (Dkt. 1) ¶ 7. Many of the same allegations underlie the habeas corpus petition that plaintiff filed in this District last year. *See* Pet. (Dkt. 1), *McClellon v. Marshall*, 24-CV-10053 (S.D.N.Y. Dec. 20, 2024).[1]

    On August 15, 2025, the government moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Dkt. 17.) The government argues principally that plaintiff failed to exhaust his administrative remedies before filing his FTCA claim, and that this Court lacks jurisdiction over his *Bivens* claim because the United States has not waived its sovereign immunity as to constitutional tort claims for money damages. (Dkt. 20.)

    Plaintiff's opposition to the motion to dismiss is due on November 24, 2025. (*See* Dkt. 26.) However, plaintiff has been moved to several different federal facilities in recent months, requiring the Court to mail the government's motion papers (and other documents) to him several times. (*See*, *e.g.*, Dkts. 22, 23, 25, 26.) Most recently, on October 31, 2025, plaintiff advised that he was "no longer in BOP custody," and asked that the motion papers be sent to him c/o the U.S. Probation Office in Seattle. (Dkt. 27.) On November 4, 2025, the Clerk re-mailed copies of those documents to petitioner, c/o the U.S. Probation Office in Seattle, as requested.[2]

---

[1] The undersigned Magistrate Judge has recommended that the habeas petition be denied, concluding, among other things, that McClellon was not entitled to the credits he claims under the First Step Act or RDAP. *See* Report and Recommendation (Dkt. 30), *McClellon v. Marshall* (S.D.N.Y. June 24, 2025).

[2] According to recent filings in petitioner's underlying criminal case, he was released from the BOP "as homeless" on October 1, 2025. *See* Order (Dkt. 384) at 1, *United States v. McClellon*, No. 2:22-CR-00073-LK (W. D. Wash. Oct. 19, 2025). Because he had "no viable residence or means of financial support," he "requested a placement at a residential reentry center [RRC] to provide him with stability while he searches for a residence and employment." *Id*. The court

The Court notes that plaintiff is computer-literate and (when not in BOP custody) has been following the progress of this action on Pacer. Nonetheless, given that paper copies of the government's motion papers may not have reached him until some time after November 4, 2025, this Court hereby EXTENDS plaintiff's time to file his opposition to the motion to dismiss, *sua sponte*, until **December 15, 2025**. *No further extensions of this deadline will be granted absent compelling circumstances.*

The Court now turns to plaintiff's April 9, 2025 motions (a) for the appointment of pro bono counsel (Dkt. 5), and (b) for an order directing service of his summons and complaint by the U.S. Marshals Service. (Dkt. 6.) Both motions are before me on referral from the District Judge (*see* Dkt. 15) and are hereby DENIED.

The motion for service is moot, because the government has appeared and is defending this action.

With respect to the motion for appointment of pro bono counsel, the Court reminds plaintiff that this is a civil case, in which there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "[b]road discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper*, 877 F.2d at 172. As a threshold matter, plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61.

In this case, petitioner has proven himself capable of litigating this action unassisted by counsel. In fact, he is a frequent and vigorous pro se litigant, not only in this Court, where he has two cases pending, but also in the Western District of Washington, where he was convicted of the crimes underlying his sentence. In that forum, plaintiff has filed at least nine post-conviction

---

thereupon modified petitioner's conditions of supervised release, mandating placement at the RRC for "not more than 120 days." *Id*. at 1, 2. Petitioner did not advise this Court that he was residing at the RRC in Seattle, and did not request that his mail be sent to the RRC. According to the government's inmate look-up website, *see* https://www.bop.gov/mobile/find_inmate/byname.jsp (searching for "Donte McClellan"), petitioner remains at the RRC in Seattle as of today.

motions (this year alone),[3] a habeas corpus petition,[4] and two civil lawsuits against attorneys who represented him in the criminal case.[5]

Moreover, for the reasons set forth in the government's motion to dismiss this action (and in the Report and Recommendation in *McClellon v. Marshall*), this Court is not persuaded that plaintiff's claims in this action have substance or a likelihood of success.

The Clerk of Court is respectfully directed to close the motions at Dkts. 5 and 6.

Dated: New York, New York
November 24, 2025                         SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[3] *See* Dkts. 301, 352, 355, 356, 359, 361, 370, 380, 390, *United States v. McClellon* (W. D. Wash., May 29, 2024; Feb. 7, 2025; Feb. 14, 2025; Feb. 14, 2025; Mar. 3, 2025; Mar. 24, 2025; Oct. 3, 2025; Nov. 16, 2025).

[4] *See* Petition (Dkt. 8), *McClellon v. Rikard*, No. 2:24-CV-01975 (W.D. Wash. Mar. 4, 2025).

[5] *See* Compl. (Dkt. 5), *McClellon v. Weaver*, No. 2:25-CV-566 (W. D. Wash. Apr. 8, 2025); Compl. (Dkt. 6), *McClellon v. Illa*, No. 2:25-CV-609 (W. D. Wash. Apr. 16, 2025).