USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 9/9/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONTE McCLELLON,

Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

Defendants.

25-CV-2988 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

This Order addresses plaintiff's recent request that the Court provide him with pro bono counsel, and sets a briefing schedule for defendants' recently filed motion to dismiss plaintiff's amended complaint.

**Request for Pro Bono Counsel**

By motion dated August 13, 2026, pro se plaintiff Donte McClellon requests, for the second time, that the Court provide him with pro bono counsel. *See* Dkt. 44. Plaintiff first requested pro bono counsel on April 9, 2025. *See* Dkt. 5. The Court denied that request on November 24, 2025, noting, among other things, that plaintiff is "a frequent and vigorous pro se litigant" who has proven himself capable of litigating this action (and many others) unassisted by counsel, *see* Dkt. 29 at 1, and that this Court was not persuaded that plaintiff's claims in this action "have substance or a likelihood of success." *Id*. at 2. At that time, the government's motion to dismiss plaintiff's original complaint was pending. *See* Dkt. 17.

Since then, the Court has granted the government's motion to dismiss, *see* Dkt. 33, and plaintiff has filed an amended complaint, *see* Dkt. 34, raising entirely new claims under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), including a claim for assault and battery, alleging that he was physically abused while incarcerated at FCI Otisville in 2024; a claim for wrongful death, alleging that his mother died in 2023 from a staph infection that she contracted while visiting plaintiff during his incarceration at FDI SeaTac; and a claim for "LLC-related economic and reputational harm," alleging that his three wholly-owned LLCs (the entities through which he perpetrated the paycheck protection program (PPP) fraud that was the basis for his criminal conviction) were damaged by being "wrongfully implicated" during his criminal case. *See* Dkt. 34 ¶¶ 42-58, 63-66, 71-80. Most recently, on September 3, 2026, defendants moved to dismiss "most of Plaintiff's claims" in the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). *See* Dkt. 47 at 1. The case is thus in much the same procedural posture as it was when the Court denied plaintiff's initial request for pro bono counsel. Plaintiff remains capable of litigating unassisted by counsel, and this Court is still not persuaded that plaintiff's civil claims are "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 62 (2d Cir. 1986). Consequently, plaintiff's second request to be provided with pro bono counsel is DENIED.

The Court notes that although plaintiff is currently incarcerated at FDI SeaTac, for violating the terms of his supervised release imposed after his PPP conviction, he is scheduled to be released from custody later this month. Plaintiff is reminded that he must submit a notice of change of address at that time. He is further reminded that he may, if he wishes, consent to receive electronic service through the court's ECF system.

Plaintiff may also wish to seek assistance from the Federal Pro Se Legal Assistance Project in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this District. The project is run by a private organization; it is not part of, or run by, the Court. To receive limited-scope assistance from the project, parties may complete the clinic's intake form on their computer or phone at: https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/. Parties who have questions regarding the form or are unable to complete it may leave a voicemail at (212) 382-4794. A copy of a flyer with details about the Federal Pro Se Legal Assistance Project is attached to this Order.

## Schedule on Motion to Dismiss

In light of plaintiff's pro se and incarcerated status, his deadline to file his papers in opposition to defendants' motion to dismiss the amended complaint is EXTENDED to **October 23, 2026**. Defendants' reply papers are due **November 13, 2026**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 44.

Dated: New York, New York
September 9, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**